The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.   CR04-05172-BHS |
| Plaintiff, | ) | |
| v. | ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| KYLE DAVIE GRAHAM, | ) | |
| Defendant. | ) | |

The United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and Tessa Gorman, Assistant United States Attorney for said District, respectfully files this Sentencing Memorandum and requests that the Court sentence the defendant to a term of incarceration of 24 months, with 8 months of supervision to follow.

## I.

## **INTRODUCTION**

The defendant, Kyle Davie Graham, has an awful, and ultimately deadly, history of repeatedly violating his supervised release, all the while making excuses for his non-compliance and representing to the Court that all he needed was an opportunity to go to treatment. Again and again, Graham failed to comply with the Court's orders and again and again, Graham reassured the Court that if just given another chance, he would to go to treatment. Tragically, after Graham's last representation, and within ten days of his last release from federal custody, Graham killed a man in Oregon. The homicide, as well

1    as Graham's travel to Oregon, are the subject of the present violations of his supervised

2    release.  Graham has pleaded no contest to a manslaughter charge in Multnomah County

3    and will serve a mandatory sentence of ten years.  As part of the plea agreement in that

4    case, the Multnomah County District Attorney's Office, without prior consultation with

5    the United States Attorney's Office, agreed that Graham's manslaughter sentence would

6    run *concurrently* with any time imposed by this Court for Graham's violations.

7    Consequently, the government's recommendation, or this Court's sentence, in this case

8    will be subsumed by Graham's Oregon sentence when it is imposed.  Accordingly, the

9    government recommends that the Court impose a sentence that allows for an additional

10    period of supervised release to follow, so that in ten years, when Graham is released, he

11    still faces supervision by this Court.

12    **II.**

13    **UNDERLYING CONVICTION**

14    On August 19, 2004, Mr. Graham pled guilty to being a felon in possession in

15    violation of 18 U.S.C. § 922(g).  The crime arose out of a traffic stop of Mr. Graham for

16    not wearing his seatbelt.  When the officer started questioning Mr. Graham, Mr. Graham

17    became angry and swore at the police officer.  Mr. Graham was placed under arrest for

18    driving with a revoked license, and although Mr. Graham at first complied with the

19    officer's direction to put his hands behind his back, he "then quickly shifted his hands to

20    the front where the officer could not see them."  PSR ¶11.  A search of the car revealed a

21    fully-loaded .38 caliber revolver under the seat, as well as stolen items, including a credit

22    card.

23    On November 5, 2004, the Honorable Franklin D. Burgess sentenced the defendant

24    to 40 months' incarceration, to be followed by three years of supervised release.

25    **III.**

26    **CONDUCT DURING SUPERVISION**

27    On January 5, 2007, Mr. Graham was released from the Bureau of Prisons to the

28    Oregon Halfway House to begin his transition time before commencement of supervised

Government's Sentencing Memorandum- 2
*United States v. Kyle Davie Graham*, CR04-5172FDB

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  release.  However, on February 23, 2007, Graham tested positive for marijuana use and
2  was returned to Sheridan to complete the remainder of his prison term.

3       Mr. Graham's term of supervised release commenced on May 14, 2007.  However,
4  a month later, on June 19, 2007, Mr. Graham was using marijuana and in the next couple
5  months, failed to submit to urine tests as instructed, and again used marijuana.

6       On August 15, 2007, Judge Burgess signed a warrant for his arrest and on August
7  22, 2007, Chief Magistrate Judge Strombom released Mr. Graham on the condition that
8  he continue to not use drugs or alcohol (to be verified by urine testing) and that he
9  complete an assessment at NW Recovery Center in Vancouver, Washington.  Mr. Graham
10  was scheduled for an evidentiary/disposition hearing before this Court on September 11,
11  2007.

12       However, on September 7, 2007, the Friday before his appearance, and just three
13  days after he completed his assessment at NW Recovery Center, Mr. Graham got drunk,
14  drove, failed sobriety tests, was arrested, busted out of the back window of the police car,
15  and broke into a shed to hide.  He was charged with this conduct in Clark County
16  Superior Court and was convicted of malicious mischief, driving under the influence and
17  escape in the third degree.  Eleven days after being sentenced in Clark County on these
18  crimes, Mr. Graham assaulted an inmate at the Clark County Jail.

19       Prior to his series of crimes on September 7, 2007, United States Probation Officer
20  Angela Peru had agreed that she would set off disposition for 90 days to encourage Mr.
21  Graham to attempt treatment at NW Recovery Center.  Ms. Peru was attempting to work
22  with Mr. Graham and help him in his goal of staying clean and sober.  Notwithstanding
23  these incentives and support, Mr. Graham brazenly and dangerously ignored the Court's
24  orders and engaged in outrageous conduct.

25       At the January 11, 2008, disposition hearing for the violations (which occurred
26  after Graham was through with his Clark County time), the government and the United
27  States Probation Officer recommended eighteen months incarceration.  Graham, on the
28  other hand, pleaded to the Court that all he wanted and needed was treatment and that if

Government's Sentencing Memorandum- 3
*United States v. Kyle Davie Graham*, CR04-5172FDB

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    he was given another chance to get treatment, to continue in his job, he would comply

2    with the Court's orders.  Graham underscored that all he needed was another opportunity

3    to address the issues that were the foundation for his problems.  In response to Graham's

4    representations, Judge Burgess sentenced Mr. Graham to 180 days in the halfway house,

5    to be followed by supervised release.

6    However, upon his arrival to the halfway house, Mr. Graham immediately posed

7    problems and within a few short weeks, he was terminated.  In addition, he tested positive

8    for using marijuana.  Accordingly, Graham was again before Judge Burgess on

9    supervised release violations.  The disposition hearing occurred on March 14, 2008, and

10   Graham again pleaded with Judge Burgess for another chance, even going so far as

11   submitting his "plan for release," which included getting into treatment immediately, and

12   obey all rules.  *See* Graham Letter, at Docket 56.

13   Judge Burgess again imposed six months in a halfway house. On April 10, 2008,

14   Graham was released to a halfway house, and test days later, on April 20, 2008, he was

15   arrested for murder.

16   **IV.**

17   **CURRENT VIOLATIONS**

18   Graham pleaded no contest to manslaughter in Multnomah County, Oregon and,

19   according to the Deputy District Attorney handling the case, Graham will receive a ten

20   year mandatory sentence.  As part of the plea agreement in Oregon, the District Attorney

21   agreed that any sentence imposed by this Court would be run concurrently with the

22   Oregon case.  This agreement was reached without any consultation with the U.S.

23   Attorney's Office.  It is expected that Graham will not challenge the new violations

24   before this Court and will stipulate to revocation.  Indeed, he has signed an affidavit to

25   that effect, which is attached hereto as Attachment A.

26

27

28

Government's Sentencing Memorandum- 4
*United States v. Kyle Davie Graham*, CR04-5172FDB

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## V.

## SENTENCING RECOMMENDATION

Mr. Graham's behavior is staggering, but due to the plea agreement reached in Oregon, any sentence this Court imposes will run concurrently with the time Graham will serve on the manslaughter charge in Oregon.  However, this Court can revoke Graham's supervision, impose the maximum term of incarceration, and still impose eight months of supervised release to follow.  *See United States v. Knight*, 580 F.3d 933 (9th Cir. 2009). In *Knight*, the 9th Circuit held that the district court, in imposing a sentence upon revocation, need not credit a defendant for prior terms of imprisonment.  *Id.* at 938. However, in re-imposing a term of supervised release the court must reduce the term by the aggregate length of any and all terms of imprisonment imposed upon revocations.  *Id.* Accordingly, in this case, Graham could be sentenced to a term of incarceration of twenty-four months, the statutory maximum upon revocation.  18 U.S.C. § 3583(e)(3). An imposition of twenty-four months of incarceration, even if run concurrently, sends a message about the seriousness of the violation.  Moreover, if something occurs with the agreement in Oregon, there will be assurance that Graham will be at least serving a two year term of incarceration for the violation.

The maximum term of supervision to follow is three years, less any terms of imprisonment imposed upon revocations, including the present revocation.  18 U.S.C. §3583 (b) and (h).   According to the Probation Office, Graham served 97 days on his prior two revocations.  Even allowing some cushion on either end, and calculating his prior periods of incarceration at four months, this amount, combined with a period of twenty-four months (should this Court choose to impose it), would still allow for a term of eight months of supervised release to be imposed.  This would mean that when Graham is released in ten years, he will still have obligations to this Court, and additional exposure if he violates again.  The Multnomah County District Attorney's Office has confirmed that imposition of an additional term of supervised release is not violative of the agreement they reached with Graham in Oregon.

Government's Sentencing Memorandum- 5
*United States v. Kyle Davie Graham*, CR04-5172FDB

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    Accordingly, for the reasons set forth above, the government asks that the Court

2  impose a sentence of twenty-four months, to be followed by a term of supervised release.

3    DATED this 24th day of March, 2010.

4                              Respectfully submitted,

5                              JENNY A. DURKAN
                               United States Attorney

6                              /s/ Tessa M. Gorman
7                              WSBA #35908
                               Assistant United States Attorneys
8                              United States Attorney's Office
                               700 Stewart Street, Suite 5220
9                              Seattle, WA 98101
                               Telephone: (206) 553-4994
10                             Fax:  (206) 553-0755
                               E-mail:  Tessa.Gorman@usdoj.gov

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Government's Sentencing Memorandum- 6
*United States v. Kyle Davie Graham*, CR04-5172FDB

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th of March, 2010,  I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.


/s/ Tessa M. Gorman
TESSA M. GORMAN
Assistant United States Attorney
WSBA No. 35908
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Telephone:  (206) 553-4994
Fax:  (206) 553-0755
E-mail: Tessa.Gorman@usdoj.gov

Government's Sentencing Memorandum- 7
*United States v. Kyle Davie Graham*, CR04-5172FDB